**MASCOT OIL CO., Inc., v. UNITED STATES.**
No. K-67.

Court of Claims.
June 2, 1930.

This case having been heard by the Court of Claims, the court, in accordance with the stipulation of the parties filed herein, makes the following special findings of fact:

1. Plaintiff is a corporation and in August, 1919, duly filed its corporation income and profits tax return for the calendar year 1918, showing a tax to be due thereon of $58,138.49, which amount was accordingly assessed, and $43,603.86 was paid during the year 1919, $330.22 thereof was credited November 16, 1925, from an overassessment for the year 1917, leaving an unpaid balance of $14,204.41, which amount was abated April 28, 1926.

2. In December, 1919, the plaintiff filed with the collector a claim in abatement for the year 1918 in the sum of $17,492.81, and during the month of July, 1920, the Commissioner of Internal Revenue assessed a further and additional tax against the plaintiff in the sum of $38,030.51, of which $4,334.38 was paid August 24, 1920, and $4,849.49 abated April 28, 1926, leaving an unpaid balance of $28,846.64.

3. In August, 1920, the plaintiff filed a claim in abatement for the sums of $8,664.29 and $33,696.13, covering the years 1917 and 1918, respectively.

4. On September 18, 1925, plaintiff deposited in escrow with the Farmers' & Merchants' National Bank of Los Angeles the sum of $65,000 to insure payment of the tax finally determined to be due for the years 1917 and 1918. On October 10, 1925, the said bank addressed a letter to the collector of internal revenue and stated:

" * * * Please be advised that the Mascot Oil Company deposited with this bank on September 18th the sum of sixty-five thousand dollars ($65,000.00), and we are authorized by the said Mascot Oil Company to pay you up to this amount upon your final determination of the amount due from the Mascot Oil Company as additional tax for the years 1917 and 1918, and that said payment will be made to you upon your demand."

5. On the day following that on which the deposit was made in the bank, as hereinabove recited, the plaintiff and the commissioner signed an income and profits tax waiver, whereby the taxpayer waived "any period of limitation as to the time within which distraint or a proceeding in court may be begun for the collection of the tax," as provided in section 278(d) of the existing revenue act [26 USCA § 1061 note] for the years 1917 and 1918, the same to remain in effect until December 31, 1926. On March 29, 1926, the plaintiff signed and forwarded to the Commissioner of Internal Revenue a "waiver of right to file a petition with the U. S. Board of Tax Appeals * * * under section 274 (a) of the Revenue Act of 1926" [26 USCA § 1048], and consented to the assessment and collection of a deficiency in tax for the year 1918 aggregating $29,177.06. A proviso was attached thereto that the waiver did not extend the statute of limitations for refund or assessment of the tax and that the waiver is not an agreement as provided under section 1106 of the Revenue Act of 1926.

6. The claim in abatement filed in December, 1919, in the sum of $17,492.81, and also the claim in abatement filed in August, 1920, for $33,696.13 for the year 1918, were allowed for $19,053.70 and rejected for $32,-135.24.

7. On May 28, 1926, the collector made demand on the plaintiff for the sum of $28,-846.64 representing unpaid balance of taxes alleged to be due for the year 1918, which the plaintiff paid under protest on June 8, 1926. Whereupon the collector withdrew all claim upon the deposit which had been made to guarantee payment for such tax.

8. On October 28, 1928, the plaintiff duly filed a claim for refund in the amount of $28,846.64, being the amount of additional taxes paid for the year 1918 as aforesaid. The ground of the claim for refund was that the taxes were collected after the expiration of the period of limitation. This claim for refund was rejected by the commissioner.

Theodore B. Benson, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (McClure Kelley, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

This action is begun to recover taxes which had been paid after the period of limitations had run against their collection. Counsel for plaintiff supports its case by the same line of argument that was presented to this court in Oak Worsted Mills v. United States, 68 Ct. Cl. 539, and Gotham Can Co. v. United States, 68 Ct. Cl. 749, in both instances adversely to the plaintiffs therein. In the Oak Worsted Mills Case, supra, we held that sections 607 and 611 of the act of 1928 (26 USCA §§ 2607, 2611) prevented a recovery. In the Gotham Can Co. Case, supra, we held that section 1106(a) of the act of 1926 (26 USCA § 1249 note) was of no benefit to the plaintiff where the taxes in question had been collected prior to the time when the revenue bill of 1926 went into effect unless it was shown that the taxes were overpaid. It was expressly stated, however, in that decision that the court did not pass on the effect of the provision in the revenue bill of 1928 which repealed section 1106(a) of the act of 1926 as of the date of its enactment. In the case at bar, it appears that the taxes in controversy were collected after the 1926 act went into force. The decision in the Gotham Can Co. Case is therefore not controlling herein because it does not determine the construction or effect of section 1106(a) when the taxes were collected after the period of limitations had expired and the 1926 act was in force. But we do not find it necessary to determine the question left open by the Gotham Can Co. Case for the reason that the defendant sets up an entirely new and different defense from anything pleaded in the two cases cited above and insists that the facts shown in support of this defense are sufficient by themselves and alone to warrant a judgment in its favor.

This defense is that the evidence shows that the plaintiff had made a deposit in a bank as a guaranty of the payment of the taxes in controversy when finally determined. In consideration of this deposit, the bank advised the collector of internal revenue that it would pay the amount of taxes finally determined by the commissioner to be due from the plaintiff, the case was held up until determination had been made, and thereafter when such taxes were finally determined the plaintiff paid the amount thereof and obtained a release of the deposit. The defendant contends that the principles laid down in the case of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 367, 73 L. Ed.

743, in any event prevent the plaintiff from recovering the refund in controversy. In that case the government brought suit to enforce a bond given by the defendant and its surety for the payment of taxes, and the defense was made that payment was exacted after the collection of the tax was barred by the statute of limitations. The court said that neither the statute of limitations nor section 1106(a) of the Revenue Act of 1926 (26 USCA § 1249 note) applied to an action upon a bond, and the signers of the bond were not relieved from the obligation arising out of that instrument. The court further said that—

" * * * The taxpayer was permitted by a bond temporarily to postpone the collection and to substitute for his tax liability his contract under the bond. The object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government."

Judgment was accordingly rendered against the taxpayer.

■ It is true that in the case last cited the bond was filed prior to the time when the statute of limitations expired and in the instant case the deposit was made in the bank and the guaranty given of payment after the statute had run against the collection of the tax. We are nevertheless clear that this does not alter the situation, and that the principles announced in the John Barth Co. Case, supra, determine the case at bar. In the instant case, the deposit was made and the guaranty given prior to the enactment of the 1926 act. Conceding for the purposes of the argument only that when the 1926 act was passed, section 1106(a) thereof extinguished the liability for taxes collected after the statute of limitations had run and enabled a suit to be brought to recover the amount paid, it still must be said that the liability existed prior to the enactment of that act. In fact, the passage of section 1106(a) showed that Congress recognized that the liability did exist. This, as we observed in the Gotham Can Co. Case, was in pursuance of the well-known principle—so well established as to need no citation of authorities—that the statute of limitations or other bar against a remedy for the collection of a debt does not extinguish the liability therefor.

■ As the liability for the tax still existed at the time when the deposit was made in the bank for its payment, the contract which the bank made to pay whatever amount might finally be determined to be the tax, was made upon a valid consideration both as to the plaintiff and the bank. The bank did not, it is true, pay the tax itself as the agreement provided. The plaintiff paid the tax and thereby discharged the liability of the bank. But whether paid by plaintiff or the bank, the result was the same. The collection was not made on the ground that a tax was due, but was based on a valid contract to pay a certain amount when it was determined by the commissioner. The tax fixed the sum to be paid, but the payment and collection was by virute of the contract and not by reason of the tax liability, and the payment therefore cannot be recovered by plaintiff. We hardly think it is necessary to cite authorities to show that the moral obligation to pay a valid debt is sufficient legal consideration for a subsequent new promise to pay if made either before or after the bar of the statute has become complete, and that the new promise based upon such moral obligation is binding upon the debtor and may be shown in avoidance of the statute of limitations. But see the numerous decisions, both state and federal, listed on this point under section 569, page 1099, of 37 Corpus Juris.

Counsel for plaintiff urge that the waiver which was executed the day following that on which the deposit was made in the bank is invalid, first, because it was executed after the statute of limitations had run, and, second, because it was so restricted by its terms as not to apply to the conditions in the case at bar. But these matters do not affect defendant's right to retain the money paid pursuant to the guaranty. While we have no necessity for considering them, it might be said that in the case of Charles H. Stange v. United States, 68 Ct. Cl. 395, we held that a waiver was not invalid simply for the reason that it was executed after the expiration of the period of limitations.

Without considering the other questions arising in the case, we hold that by reason of the deposit and guaranty the plaintiff is not entitled to recover herein and it is ordered that its petition be dismissed.