## BOSTON PRESSED METAL CO. v. UNITED STATES.

### No. K–99.

Court of Claims.
June 2, 1930.

This case having been heard by the Court of Claims, the court, pursuant to the stipulation of the parties, makes the following special findings of fact:

1. Plaintiff is a corporation, and on March 30, 1918, filed an income and profits tax return for the calendar year 1917, and paid the same during 1918. In December, 1919, the commissioner made an additional assessment, which was paid; and a further additional assessment on January 7, 1921, in the amount of $6,277.77, upon which on June 5, 1925, there was a balance owing on the tax of 1917 of $3,844.94.

On June 16, 1919, plaintiff filed an income and profits tax return for the calendar year 1918 disclosing a tax of $30,532.27, and paid the same during 1919; the last installment being paid on December 17, 1919. On January 7, 1921, the commissioner made an additional assessment against the plaintiff for the year 1918 of $13,299.65.

2. A claim for refund for $19,455.86 was filed by plaintiff on May 22, 1920. A claim for abatement for the sum of $19,577.42 (being $6,277.77 for the 1917 period and $13,299.65 for the 1918 period) was filed by plaintiff on February 24, 1921; on the same date a claim for refund for $5,938.11 was filed. On March 15, 1921, plaintiff filed a claim for a credit for the sum of $5,938.11. All of these claims were rejected in full by the commissioner on August 20, 1924.

On March 3, 1924, plaintiff filed a claim for refund for $25,000 for the year 1918. On August 27, 1924, the commissioner allowed the claim in the sum of $22,530.14 and rejected it for the balance of $2,469.86, and made a certificate of overassessment accordingly.

3. On January 7, 1925, the sum of $13,299.65 was abated on the additional assessment for 1918; $5,385.55 was applied as a credit against the additional tax of that amount for the year 1920; and $3,844.94, the amount now in suit, was credited by the collector against the unpaid additional assessment for the year 1917.

4. On March 12, 1925, plaintiff filed a claim for refund in the sum of $22,530.14 for the year 1918. This claim was rejected by the commissioner on July 23, 1925.

5. On July 14, 1928, plaintiff filed a claim for refund for $6,277.77, as well as $2,432.83 paid by plaintiff on June 5, 1925, which includes the amount of $3,844.94 now in suit, upon the ground that the tax was collected after the statutory period in which collection could legally be made had expired. The commissioner rejected this claim.

Harry Friedman, of Washington, D. C., for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe and Jeff T. Jones, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

This is an action to recover taxes on the ground that they were paid after the expiration of the period of limitations.

The plaintiff filed its federal income tax return for the year 1917 on March 30, 1918. An additional assessment for said year was made in December, 1919, and a further additional assessment on January 7, 1921, in the amount of $6,277.77. A claim for the abatement of said tax in the sum last mentioned was filed February 24, 1921, which was rejected in full on August 20, 1924. Of this amount plaintiff paid in cash $2,432.83 on June 5, 1925, leaving a balance owing for said year in the amount of $3,844.94.

The plaintiff filed its income tax return for 1918 on June 16, 1919, disclosing a tax of $30,532.27. This tax was paid in installments, the last payment being made on December 17, 1919. An additional assessment for said year was made on January 7, 1921, in the amount of $13,299.65. A claim for the abatement of said additional tax in the same amount was filed on February 24, 1921, and rejected August 20, 1924. On March 3, 1924, plaintiff filed a claim for refund for $25,000 for the year 1918. This claim on August 27, 1924, was rejected in the amount of

$2,469.86 and allowed for $22,530.14. This allowance of $22,530.14 upon the claim for refund was applied by the collector as follows: $13,299.65 to the unpaid additional assessment for the year 1918, above referred to; $5,385.55 as a credit against an additional tax for the year 1920; and $3,844.94 was credited January 7, 1925, against the unpaid additional assessment for the year 1917. It will be observed in connection with this last credit that it was made after the statute of limitations had expired with reference to the taxes of 1917, but before the passage of the 1926 revenue act, and it is for this amount and on account of its application after the expiration of the period of limitations that plaintiff brings this suit.

We have heretofore held in the case of Oak Worsted Mills v. United States, 68 Ct. Cl. 539, upon similar facts, that where a tax has been assessed in time, a plea in abatement has been filed, the collection of the tax stayed, the plea in abatement determined, and the amount found to be due collected, there can be no recovery of the amount so collected, notwithstanding the collection was made after the period of limitations for the collection of the tax had expired. This holding was based upon sections 607 and 611 of the Revenue Act of 1928 (26 USCA §§ 2607, 2611). See Oak Worsted Mills v. United States, supra; Gotham Can Co. v. United States, 68 Ct. Cl. 749; and Mascot Oil Co. v. United States, 42 F.(2d) 309, decided June 2, 1930. It is contended on behalf of plaintiff that this case differs from those cases in that the amount which is sought to be recovered was collected by taking it out of a refund allowed and crediting it upon a tax for a previous year as to which the limitation for collection had expired, and that the amount so credited can be recovered under the provisions of section 609(a) of the Revenue Act of 1928 (26 USCA § 2609(a), which reads as follows:

"Sec. 609. *Erroneous credits.*—(a) *Credit against barred deficiency.*—Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 607."

We do not think this contention is well founded, but consider it clear that under the express language of section 609 the credit is treated as a "payment in respect of such liability" against which ("against the liability") the credit is taken. When the collector applied part of the money, which was due on the refund, to another tax, the relation of plaintiff and defendant to the transaction so far as this question is concerned was in law the same as if the collector had received cash from the plaintiff; and by the express language of section 609 the question of whether it is to be considered an overpayment, and hence recoverable, is to be determined under section 607, which in turn under its provisions depends on section 611. We therefore consider the question involved in the case at bar the same as that heretofore decided in the cases cited.

It follows that plaintiff's petition must be dismissed, and it is so ordered.