PENNSYLVANIA–DIXIE CEMENT CORPORATION v. UNITED STATES.

No. L–54.

Court of Claims.

May 2, 1932.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

Raymond A. Lash, of Washington, D. C. (Fred A. Woodis, of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (George H. Foster, of Washington, D. C., on the brief), for the United States.

WHALEY, Judge.

In 1917, the Kingsport Power Corporation, a Virginia corporation, distributed all of its assets among its stockholders and dissolved. During its existence, and at the time of its dissolution, all of its outstanding stock was owned and held by the Clinchfield Portland Cement Corporation. Thereafter the Commissioner of Internal Revenue made on February 19, 1924, a deficiency assessment against it for income taxes for the year 1917 in the amount of $3,076.48 and also a 5 per cent. penalty amounting to $153.82. The notice of deficiency assessment and demand for payment were addressed to the Kingsport Power Corporation, but were delivered to and received by the Clinchfield Portland Cement Company which owned all the stock and received the distributive dividend. On February 26, 1924, the Clinchfield Portland Cement Corporation paid $2,769.06 of the assessment and filed with the collector a claim in abatement for the balance of $307.42. On November 16, 1925, after the rejection of the claim in abatement by the Commissioner, the Clinchfield Portland Cement Corporation paid the balance of $307.42.

The Clinchfield Portland Cement Corporation effected a merger with the Pennsylvania-Dixie Cement Corporation on September 23, 1926, and the former corporation then dissolved and surrendered its charter.

On February 21, 1930, the Pennsylvania-Dixie Cement Corporation addressed a request to both the Secretary of the Treasury and to the Commissioner of Internal Revenue setting forth fully the basis of the claim, but no action by either officer has been made on the claim.

Suit in this court was filed February 25, 1930.

The plaintiff contends the collection by jeopardy assessment was unlawful because when the collection was made the five-year statutory period of limitations, in which collection of the tax could have been made, had expired. Section 250 (d), Revenue Act of 1921, c. 136, 42 Stat. 227, 265. No such claim was ever asserted by the transferee.

The Commissioner had the right to follow the assets of the dissolved corporation into the hands of the transferee for the collection of the tax found by him to be due. The transferee could have declined payment and forced the Commissioner to collect by "bill in equity or an action at law." Unpaid corporate taxes can be collected in an appropriate proceeding from the stockholders who have received the assets of the dissolved corporation. Suit can be brought against one stockholder for the entire tax. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 289. The transferee did not follow this course, but paid the larger part of the assessment and filed a claim in abatement for the smaller part. The Commissioner rejected the claim on November 16, 1925. No further action was taken in the matter until February 21, 1930, more than four years from the date of rejection of the refund claim and more than five years from the date of the payment of the tax. No suit having been commenced within five years from the date of the payment of the tax, nor within two years after the disallowance of a part of such claim, as provided by section 3226, Revised Statutes, as amended, 26 USCA § 156, no recovery can be had.

The plaintiff contends it is not suing to recover a tax but to recover the amount collected from it as a distributee of the assets of the Kingsport Power Company upon whose income a tax was assessed and paid by its predecessor, the Clinchfield Portland Cement Company, which amount it contends was illegally collected, and cites the cases of Roberts Sash & Door Company v. United States, 38 F.(2d) 716, 69 Ct. Cl. 363; Id., 282 U. S. 812, 51 S. Ct. 185, 75 L. Ed. 727, and Mascot Oil Co. v. United States, 42 F.(2d) 309, 70 Ct. Cl. 246; Id., 282 U. S. 434, 51 S. Ct. 196, 75 L. Ed. 444. Neither of these cases is in point. The assets distributed to the stockholders of the dissolved corporation were impressed with the lien of the liability of the tax due the government and could be followed into the hands of the stockholders by appropriate proceedings. The transferee could have given bond, or refused to pay, and required the government to take appropriate proceedings, but instead the transferee paid the greater portion of the assessment and filed a plea in abatement for the balance. Whether it was a tax or a liability for a tax, the stockholders, separately and collectively, who had received the distributive dividend, were liable for its payment. The statute of limitations had run, but the retroactive effect of section 611 of the Revenue Act of 1928 (26 USCA § 2611) remedied this situation. Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415. The plaintiff, not having complied with section 3228 of the Revised Statutes, as amended, 26 USCA § 157, cannot recover. Failure to

comply with this section is fatal. Kings County Savings Institution v. Blair, 116 U. S. 200, 6 S. Ct. 353, 29 L. Ed. 657.

The demurrer is sustained, and the petition is dismissed. It is so ordered.