## LOWE BROS. CO. v. UNITED STATES.

### No. 4290.

District Court, S. D. Ohio, W. D.

April 10, 1934.

John E. Hughes, of Chicago, Ill., William Cogger, of Washington, D. C., and Dolle, O'Donnell & Cash, of Cincinnati, Ohio, for plaintiff.

Francis C. Canny, U. S. Atty., Frederic Johnson, Asst. U. S. Atty., Haveth E. Mau, former U. S. Atty., and Frank Hier, former Asst. U. S. Atty., all of Cincinnati, Ohio, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. F. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

NEVIN, District Judge.

On May 24, 1930, plaintiff herein filed its petition wherein it prays for judgment against the defendant, the United States of America, in the sum of $11,230.14 with interest. Plaintiff alleges this sum to be due it because of an attempted application of a portion of an overassessment allowance to the extent of the sum mentioned from its 1918 tax to a barred deficiency for the year 1917. Some question having been raised as to the nature of plaintiff's action, it was indicated in open court at the time of trial that plaintiff relied upon the petition as setting out a case for refund of overpayment of tax for the period ended September 30, 1917. The case was tried to the court, trial by jury having been waived in writing. Substantially all of the facts were agreed to and are set forth in a stipulation signed by counsel for the respective parties and filed in this court on January 30, 1933.

Briefly, as disclosed by the stipulation, the facts are as follows: Lowe Brothers Company is a corporation organized and existing under the laws of Ohio. It was incorporated in June, 1929. Lowe Brothers Company (incorporated in 1893), predecessor of the peti-

tioner, filed its income and profits tax return for its fiscal year ended September 30, 1917, on October 31, 1917, and paid the tax shown due thereon. It filed its income and excess profits tax for the fiscal year ended September 30, 1918, on October 31, 1918, and paid the tax shown due thereon. On March 15, 1924, the Commissioner of Internal Revenue assessed against Lowe Brothers Company (incorporated in 1893) an additional income and profits tax for the fiscal year 1917, amounting to $31,771.71. On March 15, 1924, the Commissioner of Internal Revenue signed a schedule of overassessments indicating that the petitioner's predecessor had overpaid its income and profits tax for the fiscal year ended September 30, 1918, in the amount of $52,-710.03. Of this latter amount, the collector of internal revenue, under instructions from the Commissioner, credited the sum of $11,-230.14 against the deficiency assessment of $31,771.71 for the fiscal year ended September 30, 1917. The collector of internal revenue applied this credit on April 24, 1924, and the Commissioner approved the credit on May 10, 1924. On April 2, 1928, Lowe Brothers Company (incorporated in 1893) filed a claim for refund for $40,000 for its fiscal year ended September 30, 1917. On February 1, 1929, the Commissioner of Internal Revenue gave formal notice of rejection of this claim. On January 25, 1923, and on February 9, 1923, respectively, Lowe Brothers Company (incorporated in 1893) filed income and profits tax waivers, approved by the Commissioner of Internal Revenue, for the fiscal year ended September 30, 1917.

At the conclusion of the presentation of all of the evidence, defendant moved the court for judgment in its behalf upon the grounds that the plaintiff had not produced facts establishing a wrongful or unlawful collection of the tax in suit under the provisions of section 607 of the Revenue Act of 1928 (26 USCA § 2607), as alleged, nor, under the facts as stipulated, had plaintiff shown grounds for recovery.

It is claimed upon the part of the defendant that inasmuch as it is conceded that plaintiff's action is based upon a claim for overpayment of the 1917 tax under section 607 of the Revenue Act of 1928 (26 USCA § 2607), plaintiff cannot maintain its action or recover judgment because of the provisions of section 609 of the same Act (26 USCA § 2609).

Section 607 provides as follows: "Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act [May 29, 1928]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

Section 609 (26 USCA § 2609) reads in part as follows: "Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 607 [section 2607]."

The government contends that under section 607 the *payment* of a barred tax is considered an overpayment of the tax, giving to the taxpayer the same rights as if no tax for the period involved had ever been due, but that section 609 is a qualification of section 607 by providing that *credits* from other taxable years in the nature of overassessments attempted against a barred tax are a nullity and do not give rise to the rights which would accrue had the settlement of the barred tax been made by actual payment.

This question seems to have been considered and decided in the case of Parks & Woolson Machine Co. v. United States (Ct. Cl.) 58 F.(2d) 868 (certiorari denied 287 U. S. 634, 53 S. Ct. 85, 77 L. Ed. 549), wherein the facts are very similar to those in the instant case.

In their brief, counsel for plaintiff contend that the decision in this case is in conflict with the decision of the Supreme Court of the United States in the case of Graham v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, and they say: "There is neither logic nor reason in the rule laid down in Parks & Woolson Machine Co. v. U. S., supra; the decision is inconsistent with Boston Press Metal Co. v. U. S., supra [42 F.(2d) 312], a prior decision in the same court and affirmed with opinion in the Supreme Court, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415." Counsel for plaintiff assert (referring to the Parks & Woolson Machine Co. Case) that denial of an application for certiorari is not equivalent to an affirmance. This statement unquestionably is correct. Hamilton, etc., Co. v. Wolf Bros. & Co., 240 U. S. 251, 36 S. Ct. 269, 60 L. Ed. 629. However, the decision by the Supreme Court in these cases (the cases of Boston Press Metal Co. v. U. S., and Graham v. Goodcell are both reported in 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415) was rendered on January 26, 1931, whereas the decision in the Parks Case, supra, was not rendered by the Court of Claims until May 31, 1932, and

certiorari not denied until October 17, 1932. It would seem, therefore, as claimed by counsel for the government, that the last expression upon this subject is that contained in the Parks & Woolson Machine Co. Case, supra, and that the Supreme Court denied certiorari in that case with full knowledge of its views as expressed in the cases reported in 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415.

From a consideration of the evidence as submitted and the law as applicable thereto, as the court views it, the court has arrived at the following:

### Findings of Fact.

1. Lowe Brothers Company is a corporation duly organized and existing under the laws of the state of Ohio having its principal place of business in the city of Dayton, state of Ohio, and was incorporated in June, 1929.

2. Lowe Brothers Company (incorporated in 1893), predecessor of the petitioner, filed its income and profits tax return for its fiscal year ended September 30, 1917, on October 31, 1917, with the proper collector of internal revenue and paid the tax shown due thereon; the predecessor of petitioner filed its income and excess profits tax return for the fiscal year ended September 30, 1918, on October 31, 1918, with the proper collector of internal revenue and paid the tax shown due thereon.

3. On March 15, 1924, the Commissioner of Internal Revenue duly assessed against Lowe Brothers Company (incorporated in 1893) an additional income and profits tax for the fiscal year 1917, amounting to $31,771.71.

4. On March 15, 1924, the Commissioner of Internal Revenue signed a schedule of overassessments indicating that the petitioner's predecessor had overpaid its income and profits tax for the fiscal year ended September 30, 1918, in the amount of $52,710.03. Of said amount the collector of internal revenue, under instructions from the Commissioner, credited the sum of $11,230.14 against the deficiency assessment of $31,771.71 for the fiscal year ended September 30, 1917. The collector of internal revenue applied the said credit on April 24, 1924, and the Commissioner approved said credit on May 10, 1924.

5. On April 2, 1928, the petitioner's predecessor filed a claim for refund for $40,000 for its fiscal year ended September 30, 1917. On February 1, 1929, the Commissioner of Internal Revenue gave formal notice of rejection of said claim.

6. On January 25, 1923, and on February 9, 1923, respectively, the petitioner's predecessor filed income and profits tax waivers, approved by the Commissioner of Internal Revenue, for the fiscal year ended September 30, 1917.

### Conclusions of Law.

1. The application of the payment of the sum of $11,230.14 in suit arising from overpayment of tax for the year 1918 to the barred tax for the year 1917 is void, and consequently the same does not constitute an overpayment of tax for said year 1917 under the provisions of section 607 of the Revenue Act of 1928 (26 USCA § 2607), by reason of the restrictive features of section 609 of said act (26 USCA § 2609).

2. Defendant's motion for judgment in its behalf made at the close of all of the testimony is well taken, and it should be and it is sustained.

An order may be drawn dismissing plaintiff's petition, defendant to recover its costs expended herein.