**WONDER BAKERIES CO., Inc., v. UNITED STATES.**

**No. K–497.**

Court of Claims.

June 4, 1934.

Raymond F. Garrity, of Washington, D. C. (Leon F. Cooper, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

An order has been entered amending two of the findings in the case. We do not think this amendment affects the final result of the action, but as the matter now omitted was referred to in the original opinion, we have thought it best that another opinion should be rendered and the former opinion withdrawn.

This is a suit to recover taxes assessed against Gary Baking Company alleged to have been unlawfully exacted from Ward Brothers Company, Inc., a corporation to which the plaintiff succeeded, and the basis of the suit is that the taxes in question were collected after the period of limitation had expired.

In considering the case it will be necessary to keep in mind that another concern is involved entitled the Gary Baking Company which is a different corporation, the stock of which was owned by W. B. Ward, its president. This last-named corporation which was a subsidiary of Ward & Ward, Inc., on September 30, 1918, bought all the assets of Gary Baking Company. The negotiations of the sale were had between Max Hirsch, president of Gary Baking Company, who owned all the common stock thereof, and W. B. Ward, president, and G. G. Barber, secretary-treasurer, of the Gary Baking Company. The Gary Baking Company acquired all the assets of Gary Baking Company. Ward Brothers Company, Inc., of which Ward and Barber were also respectively president and

secretary-treasurer, acquired the assets of the Gary Baking Company and succeeded thereto. The name of Ward Brothers Company, Inc., was changed to Wonder Bakeries Company which brings this suit as successor.

In 1919, Gary Baking Company filed a corporation income-tax return for the period beginning April 1, 1918, and ending September 30, 1918, the date of the sale. This return disclosed a total tax in the amount of $1,186.06 which was paid. This is the last return filed by Gary Baking Company. Some time prior to December 20, 1920, proceedings were commenced for the voluntary dissolution of Gary Baking Company. These dissolution proceedings were carried to completion on February 17, 1921, in manner and form as required by the Indiana statute. Shortly prior thereto and on January 18, 1921, the Commissioner addressed a letter to Gary Banking Company, Inc., at Gary, Ind., with reference to the audit of 1917 taxes and "all additional taxes which may appear to be due unless waivers are executed and filed." This notice was answered by Harry Call, counsel for Gary Baking Company, Inc., inclosing a waiver and stating that Gary Baking Company had been out of business since 1918 and that "an entire new corporation, incorporated as 'The Gary Baking Company,' owns and has been operating this plant since October 1, 1918." The letter inclosing the waiver stated that it was signed by the president of Gary Baking Company. Following the receipt of this letter, the Commissioner of Internal Revenue on March 10, 1924, and within the statutory period of limitation, made an additional jeopardy assessment against Gary Baking Company, Inc., in the amount of $33,403.38 based on the profit which had been made in the sale to the Gary Baking Company. A few days after the collector sent to Gary Baking Company a ten-day notice and demand for payment of the additional assessment made against it. In addition to this waiver inclosed in the letter, three other waivers had been filed before the jeopardy assessment was made. The first, on January 31, 1923, consented to assessment and collection of income and excess-profits taxes due under any return made by or on behalf of Gary Baking Company of Indiana for the year 1918 for the period of one year after the expiration of the statutory period of limitations. This waiver was signed, "Gary Baking Company of Indiana, W. B. Ward, president, and G. G. Barber, secretary," also by the Commissioner. On January 18, 1924, a second income and excess-profits tax waiver was filed consenting to the assessment and collection of taxes due under any return made by or on behalf of Gary Baking Company for 1918 for a period of one year after the expiration of the extension by any previous waivers. This was signed in the same manner as the first. March 8, 1924, a third waiver was filed with the same provisions, but it was signed, "Gary Baking Company, Inc., of Indiana, by G. G. Barber," and by the Commissioner. Neither Ward nor Barber were or had been officers of Gary Baking Company nor did they have any stock therein. Two other waivers were filed later, as set out in findings 13 and 16; also on March 24, 1924, a claim in abatement was filed on behalf of Gary Baking Company, and later a brief in support of the claim in abatement was filed. On March 19, 1926, the Commissioner having considered the claim in abatement, determined an overassessment in the amount of $21,710.49, and a certificate thereof was mailed to Gary Baking Company. On March 22, 1926, Ward Brothers Company paid the rejected portion of the claim in abatement in the sum of $11,692.89 together with interest in the sum of $643.11, and shortly after filed a claim for refund of the amount paid on the ground that the tax had been improperly computed. The Commissioner of Internal Revenue allowed the claim for refund to the extent of over half the amount claimed and rejected it as to the balance. On August 15, 1927, Ward Brothers Company filed a second claim for refund of taxes and interest paid in satisfaction of the unabated portion of the assessment against Gary Baking Company. The grounds of this claim were that the tax and interest sought to be refunded were collected after the expiration of the applicable statute of limitations. This refund claim was rejected December 2, 1927, and the plaintiff bases its action on this refund claim and its rejection.

Summarizing the evidence to bring out the salient portions thereof, we find that Gary Baking Company sold all of its property in September, 1918, that it had made no return of the profits on such sale, that a tax was subsequently assessed in due time on account of these profits but that in the meantime proceedings for the dissolution of the corporation had been carried to completion, that after this dissolution and the assessment of the additional tax numerous waivers were filed covering the period in which the tax was collected, that when the first three waivers were filed, as we shall see later, the Government could have collected the tax without regard to

them, that a plea in abatement was also filed which was sustained in part and the unabated portion was paid by Ward Brothers Company without any demand being made upon them for its payment, that subsequently Ward Brothers Company filed a claim for refund which was granted in part and then a second claim for refund on the ground that the tax was collected after the period of limitations had expired. This is the sole and only ground stated in the second claim for refund upon which this action is begun. The defendant contends that the period of limitations was extended by reason of the waivers, the plea of abatement, and other proceedings which we have set forth, and that in any event Ward Brothers Company was estopped from claiming a further refund of the amount which it paid. It is contended on behalf of plaintiff that none of the waivers or the plea in abatement had any effect in the way of extending the period for collection of the tax for the reason that they were all filed after the corporation called Gary Baking Company had been dissolved and at a time when no person had any authority to act for it.

It should be noted here that in order to carry out the dissolution proceedings Gary Baking Company filed a certificate stating that all claims against it had been settled and paid. This was contrary to the fact but we do not need to consider whether it rendered the dissolution proceedings invalid as there are other reasons why plaintiff cannot recover.

[1,2]·The fundamental error in plaintiff's position, as we see it, is that it assumes that the hands of the Government were paralyzed by the dissolution of the corporation. The Government could not of course collect taxes from a defunct corporation, but it lost thereby none of its rights to assess taxes which had been due from the corporation and to proceed by appropriate methods with the collection thereof from persons who, by reason of transactions with the corporation, held property against which the tax could be enforced or were liable for the tax for other reasons. The legal death of the corporation no more prevented such action than would the physical death of an individual prevent the Government ‑from assessing taxes against him and collecting them from his administrators‑ who held the property which he had ‑formerly possessed. See Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289, and Penna.-Dixie Cement Corp. v. United States, 57 F.(2d) 909, 74 Ct. Cl. 651. Cf. Brady v. Anderson (C. C. A.) 240 F.

665; United States v. Armstrong (C. C. A.) 26 F.(2d) 227, and Updike v. United States (C. C. A.) 8 F.(2d) 913 (certiorari denied). The fact that the Commissioner was notified that the corporation ceased to do any business is immaterial. After the dissolution of the corporation its property became a trust fund for the benefit of creditors and those sustaining a like position under the law, and if that property has been distributed to stockholders it still remains impressed with the trust in favor of the Government for the amount of taxes which may subsequently be assessed. Cf. Updike v. United States, supra, citing numerous cases including United States v. McHatton (D. C.) 266 F. 602; United States v. Boss & Peake Automobile Co. et al. (D. C.) 285 F. 410, affirmed (C. C. A.) 290 F. 167, and Hutton v. Commissioner (C. C. A.) 59 F.(2d) 66.

The fact that the Government's claim for taxes on the profit made by the sale had not become definitely fixed would not prevent the Government from following the assets which had been transferred or from eventually, by proper proceedings, holding the stockholders or other parties who had acquired the assets with knowledge that the tax had not been paid. Cf. Pierce v. United States, 255 U. S. 398, 403, 41 S. Ct. 365, 65 L. Ed. 697. It is certain that a liability arose on the part of Hirsch without regard to the waivers and continued in force until the statute of limitations had run, and we are clear that it continued afterwards by reason of the waivers. He had signed the first waiver as president of Gary Baking Company and the last one which was filed February 10, 1925, and the circumstances of the case show that he must have known of the others being filed. Hirsch also approved all of the acts of Call in behalf of Gary Baking Company and especially ratified the preparation and filing of the plea in abatement.

There is a conflict in the decisions as to whether an officer and stockholder of a dissolved corporation can file a waiver for it under any circumstances. We do not think a corporation can defeat federal taxes by dissolving under a state law, and we think also that such a party can file a waiver that would be binding against himself if no further.

In any event, Hirsch, having received benefits from this action, is estopped from claiming that the waivers were invalid. This principle applies to all of the waivers and the claim in abatement. All these proceedings were linked together, the waivers ex-

234.

pressly by their terms. The main purpose was the same throughout, namely, to get the tax adjusted and reduced. The fact that some of the waivers filed by Hirsch or sanctioned by him were filed after the expiration of the statutory period of limitations did not affect their validity. The tax having been assessed in time and a claim in abatement having been filed delaying the collection of the tax, the statute of limitations no longer applied.

Having determined the liability of Hirsch, we come next to the ultimate question of whether the plaintiff can recover back the amount which was paid on the tax by Ward Brothers Company. Ward Brothers Company, Inc., made its claim for refund as successor of Gary Baking Company and, by reason of having succeeded the Gary Baking Company and having with notice acquired the property of Gary Baking Company, the same liability for taxes existed against it.

■ When we consider the waivers filed by Ward and Barber it is found that these individuals acted in a double role. They filed waivers stating that they were respectively president and secretary of Gary Baking Company, which they were not. In fact, they occupied these positions with reference to the Gary Baking Company and Ward Brothers Company, and all stock of the Gary Baking Company was owned or controlled by Ward. It is now claimed that they represented no one and bound no one in filing these waivers. The waivers filed or ratified by Hirsch and all of the circumstances of the case show that he must have known of the action of Ward and Barber in filing the waivers, and their purpose is so plain that we think he must have fully understood it. The acts of Ward Brothers Company subsequent to the allowance of the claim in abatement showed that it, through its officers, knew of what Hirsch had done, and that its officers, while purporting to act for Gary Baking Company, were at the same time acting for and in behalf of their own company. In this connection it should be noted that the communications of the Commissioner and collector addressed to Gary Baking Company were received by the Gary Baking Company and presumably by its successor. Counsel for defendant insist that having received the benefit of the proceedings for the adjustment and reduction of the tax and having applied for and been granted a refund after it paid the tax, Ward Brothers Company is now estopped from disputing the validity of the waivers filed by Ward and Barber which were accepted by the Commis-

sioner and postponed the enforcement of the tax. Cf. Helvering, Commissioner, v. Newport Company, decided March 5, 1934, 291 U. S. ——, 54 S. Ct. 480, 78 L. Ed. ——, in which a waiver executed and filed by the defendant in the name of its predecessor corporation after the tax was barred by limitation was held sufficient to justify the assessment of tax against the defendant after the period of limitation had expired. We think this contention is well founded and that a company which these parties represented cannot now be heard to complain that collection of the tax was barred. But for several reasons, it is not necessary to rest the case upon this conclusion alone.

■ The provisions of the Revenue Act of 1926 with reference to proceedings against transferees were retroactive. We have already shown that the case of Phillips v. Commissioner, supra, held that stockholders of a dissolved corporation who had received the property of it were subject to this provision. The case last cited and the case of Pierce v. United States, supra, hold that the assets of a dissolved corporation constitute a trust fund for the benefit of its creditors. It is further held in these cases that this fund may be followed in the hands of stockholders. We think that where the corporation has been dissolved and the trust fund doctrine is applied, it would enable the creditors to follow the assets of the corporation or the proceeds thereof not only when stockholders have received them but also in the hands of parties other than stockholders who acquired the property with knowledge of the claims of the Government against it. See Updike v. United States, cited above. Unquestionably Ward and Barber had full knowledge with reference to all the details of the transactions which we have considered and knew at the time Ward Brothers Company acquired the property, which had originally belonged to Gary Baking Company, that the taxes had not been paid. It filed the first claim for refund as successor to Gary Baking Company. We are of the opinion that at the time Ward Brothers Company paid the tax which is now sought to be recovered, a liability existed against it which could have been enforced under the provisions against transferees and also independently thereof under the trust fund doctrine. Even if we treat the collection of the tax as barred, there was a consideration for the payment of the tax by Ward Brothers Company which would prevent that company from recovering back the payment which it had voluntarily made. Cf. David

Daube v. United States, 59 F.(2d) 842, 1 F. Supp. 771, 75 Ct. Cl. 633, 640, 641, in which the plaintiff directed the application of money belonging to him in the form of an overpayment to be applied on the taxes of the partnership of which he was a member and the application was made after the statute of limitations had run as to the collection of the partnership tax.

If, however, the position which we have taken as to the liability of Ward Brothers Company is not well taken there still remains a conclusive reason why the plaintiff cannot recover in this case. We have already shown that the tax was assessed in time and not collected after the period of limitations as extended by valid waivers. It has hereinabove been noted that the sole and only ground of the refund claim upon which suit was brought is that the statute of limitations had expired when the tax was paid. Plaintiff made no claim that the tax was paid by mistake or that Ward Brothers Company had paid a tax for which no liability in any event existed against it. No other ground than the bar of the statute was remotely suggested by the claim, and if we are correct in what has been said above it is clear that plaintiff cannot recover herein.

Counsel for plaintiff urge that this case is controlled by the decision made by this court in the case of A. J. Bates Co. v. United States, 3 F. Supp. 245, 77 Ct. Cl. 611. But the two cases are altogether different. In the Bates Case the suit was brought by the stockholders who were entitled to the property of the dissolved corporation and the respective counsel in the case had agreed, and the court stated in the opinion, that the single issue in the case was whether the tax involved was "barred by the statute of limitations at the time the assessment was made." In the case now before the court there is no such question, it being an undisputed fact that the assessment was made before the bar of the statute had run. It is true that in the Bates Case the question arose as to whether the period of limitations had not been extended by a waiver, but no question of estoppel was raised or even suggested on the submission of the case and all of the circumstances were quite different from those existing in the case at bar. The Bates Case, therefore, cannot be regarded as an authority supporting plaintiff's position.

Counsel cite the case of Neuland v. Bowers (D. C.) 38 F.(2d) 842, 844, as holding that the claim in abatement filed in this case did not come within the provisions of section 611 of the Revenue Act of 1928 (26 USCA § 2611). The question that arose in the Neuland Case was quite different from that in the case at bar. In the Neuland Case there were no waivers extending the period of limitations—a fact which is most important here, as we have held that by reason thereof the tax was still owing when the claim in abatement was filed. Nor was there any claim of an estoppel which we have also found to exist in the case at bar. In the Neuland Case the tax was not demanded until after the expiration of the period of limitations and the taxpayer then filed a plea in abatement. The decision was based on the theory that nothing was due when the claim in abatement was filed and the court said that the application of section 611 [26 USCA § 2611] depended "upon a stay of the right to make collection." Counsel for defendant contend that this holding is not in accordance with the intent and expressed purpose of section 611 and with the views of the Supreme Court as expressed in the case of Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415. This contention of defendant was approved by this court in Vanderlip v. United States, 6 F. Supp. 965, decided May 7, 1934. Moreover, the Neuland Case is so different in its facts as to make it not applicable.

Our attention has been called to opinions of the Board of Tax Appeals holding waivers invalid which were executed after the dissolution of a corporation. We note that one of its decisions on this point has been overruled by an appellate court. In any event these decisions are not controlling here as they were rendered in cases in which the question of estoppel did not arise.

It follows that plaintiff's petition must be dismissed, and it is so ordered.