in Docket No. 54,050, Andrew J. Peters v. Commissioner of Internal Revenue, has been docketed and dismissed upon motion of the Commissioner (petitioner for review), assented to by counsel for Andrew T. Peters (respondent on review).

now here ordered and adjudged that this cause be docketed in this court and that the petition for a review of the decision of the United States Board of Tax Appeals entered on October 4, 1933, be, and the same is hereby, dismissed.

## COMMISSIONER OF INTERNAL REVENUE v. Lewis S. ROTH.
### No. 5220.

Circuit Court of Appeals, Seventh Circuit.
April 13, 1934.

Frank J. Wideman, of Washington, D. C., for petitioner.

George K. Bowden, of Chicago, Ill., for respondent.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

PER CURIAM.

On motion of counsel for petitioner, counsel for respondent consenting thereto, it is now here ordered and adjudged that this cause be docketed in this court and that the petition for a review of the decision of the United States Board of Tax Appeals entered on October 4, 1933, be, and the same is hereby, dismissed.

## COMMISSIONER OF INTERNAL REVENUE v. Miss Louise TEWES.
### No. 5217.

Circuit Court of Appeals, Seventh Circuit.
April 13, 1934.

Frank J. Wideman, of Washington, D. C., for petitioner.

George K. Bowden, of Chicago, Ill., for respondent.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

PER CURIAM.

On motion of counsel for petitioner, counsel for respondent consenting thereto, it is

## COMMISSIONER OF INTERNAL REVENUE v. UIHLEIN REALTY TRUST et al.
### No. 5204.

Circuit Court of Appeals, Seventh Circuit.
March 29, 1934.

Preston B. Kavanagh, of Washington, D. C., for petitioner.

Frank J. Wideman, of Washington, D. C., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

On motion of counsel for petitioner, counsel for respondent consenting thereto, it is now here ordered and adjudged that this cause be docketed in this court and that the petition for review of the decision of the United States Board of Tax Appeals entered on July 31, 1933, be, and the same is hereby, dismissed.

## COMMISSIONER OF INTERNAL REVENUE v. UIHLEIN REALTY TRUST et al.
### No. 5205.

Circuit Court of Appeals, Seventh Circuit.
March 29, 1934.

Preston B. Kavanagh, of Washington, D. C., for petitioner.

Frank J. Wideman, of Washington, D. C., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

On motion of counsel for petitioner, counsel for respondent consenting thereto, it is now here ordered and adjudged that this cause be docketed in this court and that the petition for review of the decision of the United States Board of Tax Appeals entered on July 31, 1933, be, and the same is hereby, dismissed.

COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. WOLF COMPANY, Respondent.

No. 5024.

Circuit Court of Appeals, Third Circuit.

April 4, 1934.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and C. R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellant.

Edwin D. Strite, of Chambersburg, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The Wolf Company, the respondent, filed its income tax returns for the years 1921 and 1922 on March 15, 1922, and June 14, 1923, respectively. Before the Commissioner of Internal Revenue made the deficiency assessments for the years involved, the period of limitation of four years expired under the provisions of section 250 (d) of the Revenue Act of 1921 (42 Stat. 264), and section 277 (a) (2) of the Revenue Act of 1926, 26 USCA § 1057 (a) (2). The respondent executed waivers for the two years in question after the period had elapsed and filed them on November 12, 1926, and September 16, 1927. Within the period covered by the waivers the Commissioner made deficiency assessments against the respondent. The Board of Tax Appeals determined that the waivers were invalid and the assessments barred under section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249 note), which provided that the bar of the statute of limitations shall not only operate to bar the remedy but shall also extinguish the liability. But the Supreme Court in the case of Helvering v. Newport Company, 54 S. Ct. 480, 78 L. Ed. —— (decided March 5, 1934), rejected this contention and held that section 1106 (a) is not applicable to the question here involved since it is not a statute of limitations and that in any event the defense of the statute of limitations may be waived by the taxpayer, under the provisions of section 278 (c) of the Revenue Act of 1926 (26 USCA § 1060 note), after, as well as before, the expiration of the statutory period.

Upon the authority of that case the order of redetermination of the Board of Tax Appeals is set aside and the deficiency assessments of the Commissioner reinstated.

CORNELL STEAMBOAT COMPANY, as Owner of THE Tug BEAR, Appellee, v. THE Tug NEW YORK CENTRAL NO. 15. The New York Central Railroad Company, Appellant.

No. 333.

Circuit Court of Appeals, Second Circuit.

March 5, 1934.

Bigham, Englar, Jones & Houston, of New York City (Andrew J. McElhinney, of New York City, of counsel), for appellant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

Decree affirmed.