## BREENE et al. v. UNITED STATES.

### No. 41987.

Court of Claims.

Nov. 5, 1934.

Walter J. Carrico, of Tulsa, Okl., for plaintiffs.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This suit is brought by the plaintiffs as statutory trustees of the Winona Oil Company, a dissolved corporation, to recover $14,612.95 with interest, being a part of an overassessment paid on the taxes of the year 1918 which was credited on additional assessments for the years 1917 and 1919 made April 27, 1926.

The Winona Oil Company, of which the plaintiffs are statutory trustees, was dissolved December 27, 1922, and an affidavit of dissolution filed February 20, 1923. The plaintiffs herein were at the time this suit was commenced the sole surviving members of the board of directors as it existed at the date of dissolution. At the time this company was dissolved, the Winona Oil Company of Delaware became the owner of all of the assets and assumed all of the liabilities of the Winona Oil Company, becoming thereby liable for all of the federal taxes due from the Winona Oil Company for the years 1917 to 1919, inclusive, and also entitled to receive the proceeds from any refund thereof which might be paid to the Winona Oil Company or its lawful trustees. The directors of the two companies were the same persons except that on the board of the Delaware corporation was one Kirol R. Holm, who was secretary of the Missouri company, but not a member of the board of directors. He continued as secretary of the Delaware company, and Arthur F. Seep was treasurer of both companies. The same parties were evidently in control of both corporations.

Plaintiffs contend that the assessments of additional taxes upon which the credits were applied, as above stated, were not made until after the period of limitation upon assessment for 1917 and 1919 had expired, and also that the collection of taxes for these years was barred at the time when the Commissioner made the credits. On behalf of the defendant it is conceded that the statutory period for the assessment and collection of these taxes had expired when the credits were made, but it is urged that, by virtue of a number of waivers filed, the period for assessment and collection thereof was extended, and that in any event plaintiffs' action was not begun in time and is barred by the statute of limitations.

Under the facts shown by the evidence and set out in the findings, we think it is so clear that plaintiffs are not entitled to recover that it is unnecessary to enter into an extended discussion of the law applicable thereto. The fact that the company was dissolved and the plaintiffs became trustees for the purpose of settling its affairs did not prevent the government from proceeding with the assessment of taxes. Wonder Bakeries Co. v. United States, 6 F.Supp. 228, decided by this court June 4, 1934. And, if the dissolution did not prevent the plaintiffs from bringing this suit, it also did not prevent proceedings for the settlement of debts and claims against the Winona Oil Company. The plaintiffs must have known of the filing of the waivers, the last of which was executed in behalf of the Winona Oil Company by its vice president, and, under the rules laid down in Helvering, Commissioner, v. Newport Company, 291 U. S. 485, 54 S. Ct. 480, 78 L. Ed. 929, was valid. Upon the same principle we think the consent which was filed on behalf of the Winona Oil Company to the assessments in controversy was also valid. But it is not necessary to rest the decision on these matters.

The Commissioner, having received the assent of the Winona Oil Company to the assessments in controversy, proceeded to make them accordingly. Thereafter he sent the Winona Oil Company a certificate of overassessment for the year 1918, which stated that part of this overassessment had been applied in satisfaction of the deficiency assessments for 1917 and 1919, and transmitted therewith a check payable to the Winona Oil Company for the balance of the overassessment. This check was indorsed "Winona Oil Company, by Arthur F. Seep, treasurer," and the proceeds turned over to the Winona Oil Company of Delaware. It is immaterial that the evidence does not show that all the plaintiffs participated directly in this transaction. If they did not have knowledge of it, they are chargeable with knowledge, and must be held to have ratified the disposition of the check and the proceedings which led up to its issuance. The company which plaintiffs represented having received the benefits of these transactions, they are now estopped to deny their validity, and, as a result thereof, the tax account between the defendant and the Winona Oil Company was settled. Cf. R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647.

734

This is not all. Several claims for refund were made, but plaintiffs base their suit upon two which were filed May 28, 1930. One of these claims was for the refund of $11,476.64, which was applied on the taxes of 1917, as stated above, and the other for the refund of $3,136.31, which had been applied on the taxes of 1919. Both were based on the ground that the statutory period for the assessment and collection of the taxes for the respective years had expired. If we are correct in what has been stated above, the statutory period had been extended by the waivers; but, even if the waivers were invalid and there was no estoppel, there is another fatal objection to plaintiffs' case. The petition was not filed until more than four years after the payment of the taxes for 1917 and 1919 upon which a refund is now claimed. Plaintiffs contend that, when the Commissioner credited part of the overassessment for 1918 upon the taxes of 1917 and 1919, he thereby created a new cause of action for the recovery of the overpayment on the taxes of 1918, that its refund claims are based upon this cause of action, and the suit, having been brought within two years from the time the refund claims were rejected, is in time. This theory in somewhat different form was considered in Rosenstadt & Waller, Inc. v. United States, 7 F.Supp. 287, decided by this court June 4, 1934, and the majority of the court held that it had no support in the statutes.

Plaintiffs' petition must be dismissed, and it is so ordered.