**KIECKHEFER et al. v. UNITED STATES.**

No. M–50.

Court of Claims.

Nov. 5, 1934.

J. Marvin Haynes, of Washington, D. C. (Robert H. Montgomery, of Washington, D. C., and Thomas G. Haight, of Jersey City, N. J., on the brief), for plaintiffs.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

In this case the defendant has filed a motion for a new trial praying for dismissal of the petition herein on the principal ground that the court erred in holding that a waiver executed by John W. Kieckhefer in his own name and in the name of the dissolved corporation by himself as a former director thereof was not a valid waiver under the statute. Certain other grounds are assigned in the motion, but we do not regard them as being well taken, and they will not be further noticed.

Plaintiffs, as liquidators of the dissolved corporation, brought suit in this court to recover $21,035.56, overpayments allowed for 1918 and 1920, and credited to a deficiency assessment against the corporation of $26,035.56 for 1919. The suit for the amount of the overpayments was based upon an account stated with respect to these overpayments, and also upon the claim that collection of the deficiency assessment against the dissolved corporation was barred. The court dismissed the petition as to the 1920 overpayment on the authority of Leisenring et al., Executors, v. United States, 3 F.Supp. 853, 78 Ct. Cl. 171, but allowed recovery of $14,710.90, with interest for the 1918 overpayment, on the ground that there was an account stated for that amount. The judgment for the 1918 overpayment was based upon the conclusion that the waiver in question was not valid.

In the findings of fact and the opinion heretofore rendered, we held that a waiver executed by John W. Kieckhefer in his own name and in the name of the Kieckhefer Paper Company, dissolved by him as a former director, was not a valid waiver in respect of

the time within which an additional tax assessed against the dissolved corporation for 1919, within the time as extended by such waiver, could be collected. The United States Board of Tax Appeals had previously entered a decision holding the same waiver invalid in a transferee proceeding to collect the additional tax assessed against the dissolved corporation from John W. Kieckhefer, one of the liquidators and the principal stockholder at the time of its dissolution. This decision was based on a stipulation of the parties which, in turn, was based upon a previous decision of the Board to the same effect, which decision was subsequently reversed by the Circuit Court of Appeals in Lucas v. Hunt, 45 F.(2d) 781.

John W. Kieckhefer, one of the plaintiffs herein, was president and a director of the Kieckhefer Paper Company at the time of its dissolution, and thereafter continued to act for the corporation as one of its liquidators under the Wisconsin statutes. The Kieckhefer Paper Company had outstanding at the date of its dissolution 1,000 shares of stock, of which John W. Kieckhefer owned 642 shares. The balance of the stock was owned by E. L. Walker, 152 shares; Rae F. Bell, a plaintiff herein, 129 shares; and Wm. H. Kieckhefer, 77 shares. John W. Kieckhefer was therefore the principal party in interest during the time the tax liability of the dissolved corporation for 1918, 1919, and 1920 was under consideration by the Commissioner of Internal Revenue and at the time the waiver in question was executed by him in his own name and in the name of the corporation by him as a former director and one of the liquidators. Also as the principal stockholder he received, as a transferee of the dissolved corporation, the principal share of whatever assets or funds of the corporation were distributed or distributable to the stockholders, and in respect of any refund on account of the tax paid by the corporation for 1918 and 1920 he has a material interest. At the time the waiver in question was filed, the corporation had been dissolved, and such waiver was executed by Kieckhefer and filed by the liquidators for the purpose of obtaining from the Commissioner a further and more thorough consideration of certain claims advanced by Kieckhefer and his co-liquidator on behalf of the dissolved corporation for the years involved in connection with certain claims for overpayments made by them, one of which was that the corporation was entitled to special assessment for 1918, and that the tax which it had paid for that year was excessive. The Commissioner of Internal Revenue, after the execution of the waiver and in reliance thereon, proceeded with his consideration of the questions presented and, on June 9, 1925, allowed special assessment for 1918, and determined an overpayment for that year, as well as for the year 1920. In addition, he determined a deficiency for 1919.

A claim for refund had been filed by the liquidators, and the overpayments for 1918 and 1920 were timely allowed, and the deficiency for 1919, against which such overpayments were ultimately credited, was duly assessed within the limitation period as extended by the waiver. In this case the liquidators were engaged in winding up the affairs of the corporation and in collecting whatever amounts that were due it. Prior to the time the waiver was executed, the Commissioner had mailed a notice to the liquidators proposing an overassessment for 1918 and a deficiency for 1919. Thereafter, and more than a year before the expiration of the time within which the Commissioner could assess and collect a deficiency against the dissolved corporation and a much longer period within which he could proceed to collect such deficiency from the plaintiffs as transferees, the waiver in question was executed and filed. The situation thus presented in this case is practically identical with that involved in Helvering v. Newport Co., 291 U. S. 485, 54 S. Ct. 480, 78 L. Ed. 929, in which the court held that a waiver executed on behalf of a dissolved corporation was valid.

Upon the same principle we are of opinion that the consent, which was executed and filed in the case at bar on behalf of the Kieckhefer Paper Company, to the assessment of any deficiency that might be found to be due, was also valid. See, also, Wonder Bakeries Co., Inc., v. United States, decided June 4, 1934, 6 F.Supp. 228, 79 Ct. Cl. ——, and Breene et al., Trustees of the Winona Oil Co., v. United States (D. C.) 8 F. Supp. 730, decided this date.

The defendant's motion for a new trial is therefore allowed.

The conclusion of law, opinion, and judgment in favor of plaintiff for $14,710.90, with interest, are set aside and vacated; the findings of fact made by the court as amplified in this opinion to stand.

Inasmuch as the waiver executed by John W. Kieckhefer on behalf of himself and the Kieckhefer Paper Company was valid, the deficiency for 1919 was timely assessed, and the credits of the overpayments for 1918 and

1920 thereon were timely and proper. The petition must therefore be dismissed. It is so ordered.