*194 OPINION.
Seawell :
In 1922 all the assets of the Akin Oil Co., which had a value greater than the tax and interest here involved, were transferred to petitioner in exchange for certain of petitioner’s stock and an agreement on its part to “ assume and be bound by all the liabilities and .obligations of The Akin Oil Company * * * ”, which *195 agreement is contained in resolutions of the parties dated March 14, 1922, set out in the findings of fact.
These facts would apparently render petitioner liable at law and in equity as a transferee of the Akin Oil Co. for any deficiency in its tax for the year 191T if timely action was taken in respect thereof by respondent under section 280 (a) (1) of the He venue Act of 1926. Petitioner insists (1) that such action was not taken by respondent against the Akin Oil Co. and (2) that its agreement embraced in the resolutions mentioned was limited to the tax for the year 1922 and did not include the tax of the transferor for the year 1917, the year involved. We will examine these contentions separately.
1. In reference to the proceedings against the Akin Oil Co., Docket No. 42903, petitioner says it is not bound. It insists that at the date the order of redetermination of deficiency in the amount of $20,943.86 was entered against the Akin Oil Co., it was nonexistent and dissolved, its last return being filed for the year 1922, in which its assets were acquired by the petitioner.
The charter of the Akin Oil Co. was not introduced in evidence in Docket No. 42903, supra, nor in the instant proceeding. What may have been the length of its life as expressed in its- charter is not shown. If dissolved, the date of dissolution is not shown by the record. There is no evidence in the record indicating that there was ever any judgment of dissolution or any certificate of dissolution filed with the secretary of state as the Compiled Statutes (1921) of Oklahoma, sections 5352, 5353, et seq., require in the event of a judgment of either voluntary or involuntary dissolution. Section 5361 provides: “ Unless other persons are appointed by the Court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the Corporation dissolved, and have full power to settle the affairs of the Corporation * * * and for such purposes may maintain or defend actions in their own names by the style.of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution.” See Warren v. Wickizer, 61 Okla. 200; 160 Pac. 885; Frank G. Warden, 23 B. T. A. 24.
In behalf of the petitioner, however, it is insisted that the respondent accepted the last return (1922 return) of the Akin Oil Co. filed in March 1923 — with the notation thereon as stated in our findings of fact — and was thereby put upon notice of its dissolution, and that the petitioner corporation herein never made any representations with respect to the alleged waivers and cannot, therefore, be estopped to deny their validity. In support of such contention, The Newport Co., 24 B. T. A. 1246, affirmed in 65 Fed. (2d) 925, is relied on by *196 petitioner. The petitioner, however, can gain no support in its contention from that case, as it was reversed by the Supreme Court in Helvering v. Newport Co., 291 U. S. 485. See also Kieckhefer v. United States (Ct. Cls.), 8 Fed. Supp. 734, and authorities therein cited.
The numerous consents described in our findings of fact are shown to have been accepted by the respondent and treated by him and by H. B. Johnson as valid consents. They were likewise so treated by the firm of W. O. Ligón Co. and by W. L. Clark, who was authorized, as stated in the findings of fact, to represent the Akin Oil Co. in all tax matters pending before the Bureau of Internal Bevenue.
Taking all facts and circumstances attending the execution of the consents on which the respondent relied into consideration, we are of the opinion and hold that he was warranted in accepting and treating the consent dated October 21,1927, which was signed “ The Akin Oil Company, By H. B. Johnson, Asst. Treas.”, with the seal of the company affixed, as a valid consent which had the effect of extending the statutory limitation for assessment and collection of tax deficiency for the year 1917 for the Akin Oil Co. to December 31, 1928, before which date a deficiency notice was mailed to that company. Bearing on the question of the validity of waivers or consents executed in the name of the Akin Oil Co. and on which’ we, in part, base our opinion herein as to their validity, see Commissioner v. Angier Corporation, 50 Fed. (2d) 887; certiorari denied, 284 U. S. 673; Morning Sun Publishing Co., 31 B. T. A. 356; Commissioner v. Godfrey, 50 Fed. (2d) 79; certiorari denied, 284 U. S. 653; Philip Carey Manufacturing Co. v. Dean, 58 Fed. (2d) 737; certiorari denied, 287 U. S. 623; Jaffee v. Commissioner, 45 Fed. (2d) 679; certiorari denied, 283 U. S. 853. Cf. Hamilton Web Co. v. Page, 8 Fed. Supp. 626; Wonder Bakeries Co. v. United States, 6 Fed. Supp. 228.
The deficiency notice having been duly mailed to the Akin Oil Co. and an order of redetermination of a deficiency in the amount of $20,943.86 having been entered against it on March 30, 1931, without any character of protest or objection, and following a motion by its counsel for a dismissal of the proceeding, that deficiency determination is, in our opinion and we so hold, valid and binding as to the Akin Oil Co.
The record shows that the notice to the Keener Oil & Gas Co. of its liability for the payment of the aforesaid deficiency was mailed to it October 14, 1931, which was within the time required by law in order to render it liable if a transferee of the assets of the Akin Oil Co.
2. The petitioner, however, contends that the aforesaid deficiency determination, not having been made on the merits, is not binding *197 upon it, and it introduced testimony at the hearing with a view to showing that its agreement never contemplated the payment by it of any taxes due from the Akin Oil Co. other than those for the year 1922, contending that its agreement to “ assume and be bound by all the liabilities and obligations of The Akin Oil Company, including 1922 Federal income tax ”, when properly construed, meant that all' taxes of the Akin Oil Co. other. than those for 1922 were excluded from, or not included in, the agreement; in short, that the inclusion of the 1922 income tax meant (notwithstanding the clearly expressed terms of the agreement) the exclusion of all other taxes. We have found the facts to be otherwise.
In view of the fact that the deficiency determined against the Akin Oil Co. was not made after a hearing on the merits, it is not, therefore, res judicata as to the petitioner (see Wayne Body Corporation, 22 B. T. A. 401), and we are of the opinion and hold that the respondent erred in the computation of the invested capital of the Akin Oil Co. and it will be recomputed as may be agreed, counsel for respondent having stated at the hearing that the figures would be stipulated in the event the deficiency determination was held by us not to be res judicata as to the petitioner.
Upon careful consideration of the entire record we are further of the opinion and hold that the Keener Oil & Gas Co. is a transferee of the Akin Oil Co. and received from it all its assets in the manner set forth in the findings of fact; that the assets so received had a value in excess of the amount of the deficiency in tax determined against the transferor and interest upon the tax now asserted against petitioner, and that a part of the consideration for the assets received by it was the agreement to assume and be bound by all the liabilities and obligations of the Akin Oil Co., and that petitioner is, therefore, liable for the deficiency determined against the Akin Oil Co., together with legal interest as heretofore set out, subject to correction of the computation of the invested capital of the Akin Oil Co. as heretofore indicated. American Equitable Assurance Co. of New York, 27 B. T. A. 247; affd., 68 Fed. (2d) 46; Helvering v. Wheeling Mold & Foundry Co., 71 Fed. (2d) 749; certiorari denied, 293 U. S. 603; Continental Baking Co. v. Helvering, 75 Fed. (2d) 243; Louisiana & Arkansas Ry. Co. v. Helvering, 70 Fed. (2d) 286; Waterproof Products Co., 25 B. T. A. 648; Federal Oil Corporation, 24 B. T. A. 622; Richards & Hirschfeld, Inc., 24 B. T. A. 1295; Resthaven Memorial Cemetery, Inc., 30 B. T. A. 383.

Decision will be entered under Bule 50.