### UNITED STATES v. OSWEGO FALLS CORPORATION et al.

District Court, N. D. New York.

July 20, 1939.

Ralph L. Emmons, U. S. Atty., of Binghamton, N. Y., B. Fitch Tompkins, Asst.

U. S. Atty., of Syracuse, N. Y., James W. Morris, Asst. Atty. Gen., and Andrew D. Sharpe and Arthur L. Jacobs, Sp. Assts. to Atty. Gen., for the United States.

Hiscock, Cowie, Bruce & Lee, of Syracuse, N. Y. (H. Duane Bruce and Matthew R. Quinn, both of Syracuse, N. Y., of counsel), for defendants.

COOPER, District Judge.

This is a motion by the plaintiff for summary judgment on the pleadings for the relief demanded in the complaint.

The action is to recover on a bond given by the defendant Oswego Falls Corporation as principal and the other defendant as surety, given November 18, 1927.

The bond in full is attached hereto and made a part thereof (Exhibit "A").

The essential facts, but not the conclusions of law, alleged in the complaint are admitted by the answer.

The answer also alleged four affirmative defenses and sets up a counter claim.

The affirmative defenses and the counter claim have all been stricken from the answer by orders of this Court.

An opinion was written upon the motion to strike out the affirmative defenses.

Most of the contentions made by the defendants here in opposition to this motion were made by and decided against the defendants on the plaintiff's motion to strike out the affirmative defenses.

The important facts, which stand admitted, are these:

On May 11, 1920, the Oswego Falls Pulp and Paper Company filed its income tax return for the year 1919, showing a tax due for 1919 of $12,252.50.

On the same day that company filed with the Collector of Internal Revenue claim for credit or offset of $7642.98 against this tax of $12,232.50 shown to be due upon its tax return for 1919, and paid the remainder of the 1919 tax in two payments, one on September 11, 1920, and the other on January 11, 1921. The claim for such credit of $7642.98 was based on alleged overpayment of its income taxed for the year 1917.

The defendant Oswego Falls Corporation was organized under the laws of the State of New York, pursuant to an agreement of consolidation, dated January 20, 1922, between the said Oswego Falls Pulp and Paper Company, the Skancateles Paper Company and the Sealright Company Inc.

On July 30, 1923, the defendant Oswego Falls Corporation, styling itself as successor to the Oswego Falls Pulp and Paper Company, filed a claim for $29,604.44 for refund of overpayment of income taxes paid by the Oswego Falls Pulp and Paper Company for the year 1917, and on September 12, 1923, filed another claim for $40,100.66 for refund or overpayment of income taxes paid by the Oswego Falls Pulp and Paper Company for 1917.

These claims for refund were denied on December 11, 1935.

On October 4, 1927, the defendant the Oswego Falls Corporation was notified by mail that the Commissioner of Internal Revenue had determined a deficiency of $27,612.09 in the 1917 income taxes of the Oswego Pulp and Paper Company and that the defendant Oswego Falls Corporation was liable as transferee for such deficiency; that an assessment would be made against it unless the Oswego Falls Corporation should file a petition with the U. S. Board of Tax Appeals for redetermination of this deficiency within 60 days from the mailing of the letter under Section 274 of the Revenue Act of 1926, 44 Stat. 55.

On November 18, 1927, the Bond upon which this action was brought was executed and delivered.

On December 3, 1927, the defendant Oswego Falls Corporation filed a petition with the United States Board of Tax Appeals for itself as transferee of the assets of the Oswego Falls Pulp and Paper Company for a re-determination of the foregoing alleged deficiency of $27,612.09 determined by the Commissioner of Internal Revenue as set forth in the Commissioner's letter of October 4, 1927, aforesaid.

On January 22, 1929, the aforesaid petition of December 3, 1927, was amended and was again filed with the U. S. Board of Tax Appeals.

On February 16, 1931, the Oswego Falls Corporation moved the Board of Tax Appeals to grant a settlement of the issues in the redetermination of the deficiency of $27,612.09 claimed to be due for the year 1917 from the Oswego Falls Corporation as transferee of the Oswego

Pulp and Paper Corporation as noted in the Commissioner of · Internal Revenue's letter of October 4, 1927, aforesaid and for limitation of the issue of these two questions:

(a) Did the Commissioner err in determining that the petitioner is a transferee within the meaning of Section 280 of the Revenue Act of 1926, 44 Stat. 61, in respect to the Sealright Company, Docket 25,229, or the Oswego Falls Pulp and Paper Company, Dockets No. 28,301, 32,673 and 34,352?

(b) Was the proposed deficiency barred by the Statute?

On September 18, 1931, the Board of Tax Appeals decided that the Oswego Falls Corporation was liable as transferee under Section 280 of the Revenue Act of 1926 and that the proposed assessments against the Oswego Falls Pulp and Paper Corporation for the year 1917 were not barred by any statute of limitations and directed that the proceedings should be returned to the day calendar.

On May 12, 1932, the U. S. Board · of Tax Appeals, decided that there was no deficiency of income tax of the Oswego Falls Pulp and Paper Company for the year 1917.

The aforesaid decision of the U. S. Board of Tax Appeals was affirmed by the U. S. Circuit Court of Appeals for the Second Circuit on June · 18, 1934, the opinion on which is reported in Oswego Falls Corp. v. Com'r, 71 F.2d page 673.

The complaint alleges in Paragraph 19, that by the aforesaid opinion and decision of the Board of Tax Appeals the said Board did not determine that there was any overassessment against the Oswego Falls Pulp and Paper Company of income taxes for the year 1917.

The answer denies this allegation, but it is not a question of fact, but a question of law to be determined by the opinions of the Board of Tax Appeals, and the Circuit Court of Appeals for the 2nd Circuit.

By reference to this opinion it is clear that the question of over-assessment against the Oswego Falls Pulp and Paper Company for the year 1917 was not determined. The claims for over-assessment or refund were however, denied in December 1935.

On April 30, 1936, the then U. S. Collector of Internal Revenue demanded of the Oswego Falls Corporation, the payment of the said sum of $7,642.98 unpaid on the income tax assessment for the Oswego Falls Pulp and Paper Company for the year 1919 with interest, as provided by law. On the same day the Collector demanded payment of the Surety Company. Such payment has not been made.

Apparently the only petition filed by either the Oswego Falls Pulp and Paper Company or the Oswego Falls Corporation for refund of over-assessment of taxes paid by the Oswego Falls Pulp and Paper Company for the year 1917 were the two claims filed on June 30, 1923, and September 12, 1923, for $29,604.44 and $40,100.66 respectively, unless it be the claim filed on May 11, 1920 by the Oswego Falls Pulp and Paper Company seeking the application against its income tax for 1919 of the sum of $7642.98, alleged overpayment of its income tax for 1917 to be used as a credit against the income tax for 1919, shown to be due by its return for the year 1919, be deemed to be a petition for refund.

If that claim for credit filed May 11, 1920, for the sum of $7642.98 alleged overpayment of its income tax for 1917 is deemed to be a claim for refund, such claim has not been expressly determined, though the later claims of July 30, 1923, and September 12, 1923, aforesaid would seem to have included the claim of $7642.-98. The claim for refund of July 30, 1923, and September 12, 1923, were denied on December 11, 1935.

Though all the affirmative defenses set up by the defendant in the answer and also the counter claim for $2,921.62 have been stricken from the answer as not constituting a defense of the action on the bond or a counter claim, on this motion the defendants raise the question that they are entitled to a trial of the issues upon the same matters set up as affirmative defenses and stricken out as aforesaid. These questions were all decided on the motion to strike out the affirmative defenses and need not again be decided.

■ The defendants contend that they are entitled to a trial of the question of whether the defendant Oswego Falls Corporation is liable as a transferee or not.

Under Section 11 of the Business Corporations Law of the State of New York

the consolidated corporation became primarily liable for all the debts of the corporations consolidated into the Oswego Falls Corporation. It matters not whether the Oswego Falls Corporation was liable as transferee.

It also matters not whether the statute of limitations had run against the said claim because that fact does not affect the validity or enforceability of the bond.

Ample authorities are cited in the opinion on the motion to strike out the affirmative defenses. No new consideration was necessary to support the bond.

There is no question but that the Oswego Falls Pulp and Paper Company owed income taxes for the year 1919 in the sum of $7,642.98. That appears upon the face of the taxpayer's own return and has not been denied and cannot be denied.

The fact that the Internal Revenue Statute of 1926, 44 Stat. 9, has been repealed by the Internal Revenue Statute of 1928, 45 Stat. 791, does not affect the liability of the consolidated corporation for the income tax of the corporations consolidated into the Oswego Falls Corporation. Helvering v. Newport Company, 291 U.S. 485, 54 S.Ct. 480, 78 L.Ed. 929.

But even if that liability had been extinguished by the repeal of the Internal Revenue Law of 1926, the defendant Oswego Falls Corporation would still be liable on its bond under the authorities cited in the previous opinion herein.

Defendant also raises the question that by reason of the recitals in the bond hereinafter referred to, there can be no liability until plaintiff shows that there has been a determination by the U. S. Board of Tax Appeals of the claimed overassessment of the 1917 income and profits taxes.

These recitals are as follows:

"The conditions of this bond are such that:

"Whereas, said Oswego Falls Corporation is the transferee of all the assets of the Oswego Falls Pulp and Paper Company and as such transferee is liable for certain obligations, including outstanding income and profits tax assessments against said Oswego Falls and Paper Company.

"Whereas, As assessment of income and profits tax for the year 1919 has been made under the provisions of the Revenue Act of 1918 [40 Stat. 1057] against said Oswego Falls Pulp and Paper Company, of which Seven Thousand six hundred forty-two dollars ninety eight cents ($7642.98) is now unpaid.

"Whereas, The Oswego Falls Pulp and Paper Company has filed claim with the Internal Revenue Bureau to have alleged overpayment of 1917 income and profits tax apply as credit against said assessment of Seven Thousand six hundred forty two dollars ninety eight cents ($7,642.98) representing 1919 income and profits tax.

"Whereas, The question of income and profits tax liability of Oswego Falls Pulp and Paper Company for the year 1917 has or is about to be taken before the United States Board of Tax Appeals for review and determination in accordance with the provisions of the law.

"Whereas, This bond is conditioned upon the payment of the amount of assessment stayed by this bond, less the amount of any over-assessment of 1917 income and profits tax as determined by the U. S. Board of Tax Appeals.

"Whereas, This bond is further conditioned that that amount stayed by it less the amount of any over-assessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals, together with interest thereon as provided by law, will be paid upon notice and demand issued subsequent to the date of the decision of the United States Board of Tax Appeals in the matter of 1917 income and profits tax referred by above Jesse W. Clarke, Collector of Internal Revenue or any of his successors in office."

The question is discussed in the opinion and determined in the motion to strike out the affirmative defenses.

The specific claim, if it be such, for the refund of $7,642.98 alleged over-payment of its income and profits tax for 1917 as a credit on account of this 1919 tax liability based upon the taxpayer's own return was made on May 11, 1920.

In all reason the two claims for refund made by the Oswego Falls Corporation styling itself as successor of the Oswego Falls Pulp and Paper Company for the sum of $29,604.44 on July 30, 1923, as excess income tax paid for 1917 and its further claim for refund of $40,100.66 filed September 12, 1923, as refund for income tax paid for the year 1917 must have included the so-called claim for credit filed

by the Oswego Falls Pulp and Paper Company on May 11, 1920. These two claims filed in 1923 were denied on December 11, 1935.

If the claim filed May 11, 1920, for credit of $7642.98 is not included in the two claims filed in 1923, then that claim has never been decided and nearly sixteen years have elapsed before the collector on April 3, 1936, made demand for the payment of the $7642.98 as a balance due on the income tax for the year 1919 with interest.

Certainly sixteen years is sufficient time for the taxpayer to have presented his claim for refund. To say that it is not liable on the bond because it did not press its claim is equivalent to holding the bond a nullity.

On the face of the pleadings it was included in the claims filed in 1923 and denied by the U. S. Board of Tax Appeals.

Even if the recital in the bond that "the question of the income and profits tax liability of the Oswego Falls Pulp and Paper Company for the year 1917 has or is about to be taken before the U. S. Board of Tax Appeals" could be considered to mean a proposed but not yet presented claim for refund, and it is difficult to see how it could be so considered, no such new claim for refund has ever been filed and such claim had long since been barred by limitation provisions of the statute when demand for payment of the bond was made on April 30, 1936.

In the previous opinion in this case it was stated:

If the petitioner (Oswego Falls Pulp & Paper Company) did not file a petition or press any petition filed or obtain decision on any petition filed, that is its own affair.

That is a matter between it and the Board of Tax Appeals, the Commissioner having no power to prevent a petition presented within the statute nor to prevent a decision.

To say that the failure of the Board to decide any over-assessment was "with the consent and acquiescence of the Commissioner of Internal Revenue" is almost meaningless. That is something over which the Commissioner has no power.

The failure of the Board to act or decide is the fault of the defendant corporation and cannot defeat the liability on the bond. An obligor on a bond cannot rely on his own negligence to pursue a right and to obtain a decision on such right as a defense in a suit on the bond reserving such right when the failure to pursue the right is that of the obligor. Legally, the obligor could forever fail to pursue the reserved right and never become liable on the bond and thereby forever evade payment of the bond. The fallacy of defendant's contention is manifest. U. S. ex rel. Girard Trust Company v. Helvering, 301 U.S. 540, [57 S.Ct. 855, 81 L.Ed. 1272].

In Simmons Manufacturing Company v. Routzahn [6 Cir.] 62 F.2d 947, 951 (supra), a similar situation existed. The Court said: "The taxpayer cannot by his own conduct defeat a subsequent finding and then deny liability on a promise to pay because no such subsequent finding had been made."

It appears, therefore, that there is no question of fact for which a trial is necessary, and that upon the undisputed facts the plaintiff is entitled to the judgment for the amount of the 1919 taxes, namely $7642.98, with interest as provided by law, with costs against the defendant.

Judgment may be entered in accordance herewith.

## Exhibit "A."

"Know All Men by These Presents, That Oswego Falls Corporation, organized under the laws of the State of New York, with principal offices at Oswego Falls, N. Y., as principal and Massachusetts Bonding and Insurance Company, a corporation established under the laws of the Commonwealth of Massachusetts and having its principal office in Boston in the said Commonwealth, as surety, are held firmly bound to Jesse W. Clarke, as Collector of Internal Revenue, and or to any successor in office of said Jesse W. Clarke, as Collector of Internal Revenue, in the sum of Twelve Thousand and 00/100 Dollars ($12,000.00) lawful money of the United States for the payment whereof we bind ourselves, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

"The conditions of this bond are such that:

"Whereas, said Oswego Falls Corporation is the transferee of all the assets of

the Oswego Falls Pulp and Paper Company and as such transferee is liable for certain obligations, including outstanding income and profits tax assessments against said Oswego Falls Pulp and Paper Company.

"Whereas, As assessment of Income and Profits Tax for the year 1919 has been made under the provisions of the Revenue Act of 1918 against said Oswego Falls Pulp and Paper Company, of which Seven Thousand six hundred forty-two dollars ninety eight cents ($7642.98) is now unpaid.

"Whereas, the Oswego Falls Pulp and Paper Company has filed claim with the Internal Revenue Bureau to have alleged overpayment of 1917 income and profits tax apply as credit against said assessment of Seven thousand six hundred forty two dollars ninety eight cents ($7642.98) representing 1919 income and profits tax.

"Whereas, the question of income and profits tax liability of Oswego Falls Pulp and Paper company for the year 1917 has or is about to be taken before the United States Board of Tax Appeals for review and determination in accordance with the provisions of the law.

"Whereas, this bond is conditioned upon the payment of the amount of assessment stayed by this bond, less the amount of any overassessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals.

"Whereas, this bond is further conditioned that that amount stayed by it less the amount of any overassessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals, together with interest thereon as provided by law, will be paid upon notice and demand issued subsequent to the date of decision of the United States Board of Tax Appeals in the matter of 1917 income and profits tax referred to by above Jesse W.

Clarke, Collector of Internal Revenue, or any of his successors in office.

"Whereas, The said Collector of Internal Revenue now stands charged with the responsibility for the collection of the total unpaid balance of said assessment amounting to Seven Thousand six hundred forty-two dollars ninety eight cents ($7642.98) with interest thereon as provided by law, and the said principal desires to stay the collection of the amount hereinbefore specified and in the manner stated and desires to protect the said Collector of Internal Revenue or any of his successors in office with respect to the matter of the collection of the amount so stayed, together with interest thereon; and

"Whereas, it appears that the amount of this bond is sufficient to cover the amount so assessed for which stay and collection is desired, with interest thereon, as provided by law.

"Now, therefore, if the said principal shall well and truly observe and comply with all of the provisions of law and regulations made pursuant thereto for the payment of the amount so assessed and stayed and shall duly pay to the said Collector of Internal Revenue or to any of his successors in office on notice and demand therefor the amount so assessed and stayed, less the amount of any over-assessment of 1917 income and profits tax as determined by the United States Board of Tax Appeals, plus any interest provided by law.

"Then, This obligation is to be null and void; but, otherwise, to remain in full force, virtue and effect.

"Witness our hands and seals this 18th day of November 1927.

"Oswego Falls Corporation          (Seal)
          "Principal.
    "By (Signed) H. L. Paddock, President.
    "Massachusetts Bonding and Insurance
                                        Company.
          "Surety.
          "By (Signed) Walter L. Eckrate."