UNION SHIPBUILDING COMPANY, AS ALLEGED TRANSFEREE OF ASSETS OF UNION CONSTRUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100025. Promulgated March 26, 1941.

*Paul G. Rodewald, Esq.,* for the petitioner.
*William A. Schmitt, Esq.,* for the respondent.

OPINION.

LEECH: Respondent has proposed against the petitioner, as transferee of the assets of the Union Construction Co., a liability of $4,409.16, representing an alleged income tax deficiency of the latter company for the calendar year 1931. The issues presented are: (1) Whether assessment of the asserted liability is barred by the statute of limitations; (2) whether respondent erred in failing to allow the deduction by the transferor of $42,300 as a loss sustained upon worthless stock; (3) whether gross income of the transferor has been overstated by respondent by inclusion of $10,534.54 in interest accrued from January 1 to January 15, 1931, upon investments acquired by it on the latter date; (4) whether gross income of the transferor has been overstated by inclusion of $571.86 in rentals accruing from January 1 to January 15, 1931, upon property acquired by it on the latter date; (5) whether respondent erred in disallowing deductions by the transferor totaling $7,679.98 and representing expenses of reorganization and liquidation; and (6) whether respondent erred in failing to allow the deduction by the transferor of $550.04 representing the expense of incorporation.

The proceeding was submitted upon formal stipulations of fact, together with certain exhibits. We include by reference the stipulations of fact as our findings of fact.

Since the first assignment of error, the bar of the statute of limitations, if sustained, will dispose of the proceeding, it will be considered first.

Petitioner is a Delaware corporation, organized under the name of Pitt Securities Corporation, which name was changed later to Union Shipbuilding Corporation. Upon its organization petitioner took over, on or about June 1, 1931, in exchange for its stock, the assets of the Union Construction Co., a Delaware corporation, and assumed all of its liabilities with the exception of a contingent liability assumed by the stockholders of the latter. On June 5, 1931, the Union Con-

struction Co., the transferor, made a distribution of all of its assets in complete liquidation of its stock and was dissolved by appropriate corporate action, its certificate of dissolution being duly filed on June 29, 1931. Its income tax return for the taxable year 1931 was duly filed on March 12, 1932, with the collector of internal revenue for the twenty-third district of Pennsylvania. In the return of the transferor for 1931 the information was furnished that the taxpayer had made complete distribution of its assets and had liquidated its stock. This return was verified by H. H. McClintic, vice president, and E. J. Patterson, treasurer. Patterson has also been treasurer of petitioner since its organization.

In the year 1932, following the dissolution of the Union Construction Co. and when its return for 1931 was under examination, the office of the collector with which such return was filed was formally advised of the dissolution of the corporation by letter, which also included the fact that its certificate of dissolution had been filed and the date thereof. There were also furnished copies of the various resolutions and minute entries of the corporation evidencing its liquidation and the transfer and distribution of its assets and authorizing, directing, and carrying into effect its dissolution. Following this, on January 22, 1934, a waiver was filed extending the time in which 1931 taxes might be assessed against the Union Construction Co., to June 20, 1935. This waiver was signed "Union Construction Company, Taxpayer, By E. J. Patterson Treasurer." Following this, in each of the succeeding four years, a waiver form purporting to extend the time for assessment of 1931 taxes against the Union Construction Co. to June 30 of the succeeding year was executed, the expiration date of the last one being June 30, 1939. All of these instruments bore the seal of that company and were signed in identically the same way as the first waiver of January 22, 1934, except that the form filed April 17, 1937, agreeing to an extension of time to June 30, 1938, was signed "Union Construction Company and Affiliated Corporation Taxpayer, By E. J. Patterson Vice President." Each of the waivers in question was duly signed by respondent.

On June 19, 1939, respondent mailed a notice of deficiency of income tax for the year 1931 addressed to the "Union Construction Company, 1914 Koppers Building, Pittsburgh, Pennsylvania." This was the address of that company and had been the address of petitioner since its organization.

On September 15, 1939, a petition for redetermination of the deficiency proposed against the Union Construction Co. was filed with this Board in the name of that company under Docket No. 100024. In that proceeding, on October 17, 1939, respondent filed a motion to dismiss for lack of jurisdiction on the ground that, the petitioner corporation having been dissolved on June 29, 1931, its technical corporate

existence under Delaware law existed only for a period of three years subsequent to that date, or until June 29, 1934, since which date its corporate existence for any purpose had been extinguished and any act by it was a nullity. This motion was sustained and the proceeding dismissed. Income taxes and interest in the amount of $6,514.38 were assessed against the transferor, Union Construction Co., on March 1, 1940, and have not been paid.

The proposed transferee liability was determined on June 19, 1939, and is thus barred by the controlling statute of limitations,[1] unless that bar was effectively waived by either the transferor or the transferee, petitioner. *Helvering* v. *Newport Co.*, 291 U. S. 485. Was the statutory bar so waived?

It is petitioner's contention that, having dismissed the petition of the transferor corporation upon the ground that it had no legal existence subsequent to June 29, 1934, we have adjudicated the fact that any act by that corporation subsequent to that date is null and void and, consequently, the ineffectiveness of the waivers executed subsequent to that date must be considered as *res adjudicata.*

Upon this question we agree with respondent that our dismissal of that proceeding has determined nothing save our lack of jurisdiction to pass on the issues submitted by the petition there filed. *D. J. Gay*, 31 B. T. A. 580. However, the question appears to be of little significance because the parties have stipulated the fact of the dissolution of the Union Construction Co. on June 29, 1931. This being so, it is established that the three years of corporate existence from date of dissolution, provided by chapter 65 of the General Corporation Law of Delaware, expired on June 29, 1934. It thus follows that of a series of five consecutive waivers executed for the transferor, Union Construction Co., as heretofore detailed, only the first, executed on January 22, 1934, and extending the time for assessment to June 30, 1935, was executed during the period that corporation was in existence with power to act. This fact is not contradicted by respondent.

In *D. J. Gay, supra*, a former officer and shareholders of a dissolved corporation executed a purported waiver in the name of the corporation. In a proceeding against such officer, individually, as a transferee, we held that the alleged waiver did not extend the period of assessment. Upon the authority of that case, and those cited therein, we think that the last four alleged waivers were ineffective as those of the transferor.

That conclusion would preclude the determination of the presently contested transferee liability after June 30, 1936 (Revenue Act of 1928, sec. 311 (b) (1)), unless the last of these four alleged waivers, which was the only one purporting to cover the date of the proposed contested determination, was effective as a waiver of the liability of

---

[1] Revenue Act of 1928, secs. 275 (a), 276 (b), and 311 (b) (1).

petitioner, transferee. See *Helvering* v. *Newport Co.*, *supra*. Was this document thus effective? We think not.

These last four alleged waivers were identical except as to dates and were not those of the transferee, petitioner. They were not executed in its name. They do not even purport to bind petitioner. Nor is any authority from petitioner to bind it disclosed. These documents refer not to any transferee liability, but to "the amount of any income, excess-profits, or war profits taxes due under any return (or returns) made by or on behalf of the above-named taxpayer (or taxpayers)  *  *  *." Cf. *Milk Bottle Exchange, Inc.*, 43 B. T. A. 33. Respondent points to the fact that Patterson, who was treasurer of the transferor corporation, and signed all the purported waivers in question, was also treasurer of petitioner, and that, as to those executed by him subsequent to the time when he was empowered to act for the transferor, he must be considered as having acted for petitioner, and his act, consequently, binding upon it. But the fact that a former officer of a dissolved and nonexistent transferor corporation executes a waiver in its name does not bind the transferee of the latter merely because he happens to be at the time an officer of such transferee. *Southwestern Investment Co.*, 19 B. T. A. 30; *Newport Co.*, 22 B. T. A. 833; affd., 65 Fed. (2d) 925; reversed by the Supreme Court on other grounds, *supra*.

However, respondent argues, on brief, that the circumstances in connection with the negotiations concerning the tax liability of the transferor corporation and the execution of the alleged waivers, coupled with the fact that petitioner is a successor corporation which acquired the assets of the Union Construction Co. through a statutory reorganization, are such as to create an estoppel against the petitioner to deny their validity as extending the time for assessment and collection of the tax of the Union Construction Co., therefore, making timely the determination of the contested transferee liability.

But respondent has raised the question of estoppel for the first time in the brief of his counsel, whereas the rule is that, to be availed of, estoppel must be specifically pleaded. *Northport Shores, Inc.*, 31 B. T. A. 1013; *Helvering* v. *Brooklyn City Railroad Co.*, 72 Fed. (2d) 274; *Tide Water Oil Co.*, 29 B. T. A. 1208

The application of that rule here is, of course, decisive. However, assuming such plea were properly raised, we think the facts as revealed by the stipulation and exhibits fail wholly to show a basis for an estoppel against petitioner to assert the invalidity of the waivers executed subsequent to 1935. There is not the slightest indication of misrepresentation of fact by petitioner as to the dissolution of the Union Construction Co. Actually, there is no evidence of participation by petitioner in the negotiations with respondent concerning the tax liability of the Union Construction Co. Respondent was fully

advised in detail by the transferor corporation of its dissolution. This information was furnished approximately two years before its corporate life expired for all purposes under the Delaware statute. With full knowledge of this fact, successive waivers were secured from the dissolved corporation. See *Hull* v. *Commissioner*, 87 Fed. (2d) 260. There is no suggestion that these waivers, executed under the name of the dissolved corporation, were furnished by petitioner or upon requests made to it. Counsel for respondent insists upon brief that the latter treated and considered the two corporations as one and that all of his dealings were actually with petitioner. But there is no evidence in the record to that effect. Moreover such contention is difficult to reconcile with the fact of the determination in 1939 of a deficiency against the transferor corporation as distinct and separate from petitioner.

It is, of course, the rule that where respondent relies upon alleged waivers to support a contested transferee liability, as he does here, any doubt as to the validity of such waivers must be resolved against respondent. *D. J. Gay, supra; Southwestern Investment Co., supra; Carnation Milk Products,* 15 B. T. A. 556; *Farmers Feed Co.,* 10 B. T. A. 1069 But here we think there is no necessity even for application of that rule. The facts are convincing. It is our conclusion, upon the authorities cited, that the last four of the purported waivers executed in the name of the Union Construction Co. were ineffective to extend the time of assessment of income tax for 1931 against the petitioner, transferee, and that the period for such assessment expired on June 30, 1936 (under section 311 (b) (1) of the Revenue Act of 1928). It follows, therefore, that the contested transferee liability determined by respondent against petitioner is barred of assessment and collection.

Our decision upon this issue disposes of the proceeding and makes unnecessary the consideration of other issues raised.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

